3-21-0372, the people of the state of Illinois, Appalachia v. Jason Lamont Jackson, appellant. Thank you. Good afternoon. Good afternoon. Ms. River, would you like to start? Yes, thank you. Your Honors Counsel, good afternoon. Adrienne River on behalf of Jason Jackson. I comment that you have the spelling of your name. Thank you. Yes, not too many Adrienne's out there. I plan on addressing the trial court's error and not holding an evidentiary hearing on the actual innocence claim based on the Fisher affidavit, in which he swore that he saw green fire a gun. I have a serious issue that predates the issue of whether or not there should be an evidentiary hearing. This case has been in this court, couple of times now. And the last time the case was up. We sent it back for the defendant to give an opportunity to have appointed counsel file an amended post conviction petition. The language in our mandate was very, very clear. First, the public defender never filed an amended post conviction petition. The post conviction petition that was filed was filed by the pro se defendant. And this public defender never adopted it. So, we have a profound issue with the fact. Initially, that our mandate was not follow. Well, I agree with with most of that, and it's a very frustrating procedure in this case. At the final hearing on the motion to dismiss the public defender said that he was going off that pro se petition so I read that as he was adopting the pro se petition filed in 2020. But yes, I that's that's not that was not the right procedure he should have filed an amended petition with two claims that he was presenting at the motion to the hearing on the motion to dismiss and the state should have filed motion dismiss targeted to that I wonder. I mean I share your frustration raised in your brief, the fact that our mandate wasn't followed. Oh, I yeah, I mean, yeah, I did not raise that as a separate issue I thought that in in arguing that the public defender should have filed the petition, I guess it was an indirect way of saying that the public defender didn't didn't follow that mandate. I wonder if there's some confusion I was trying to figure out, because, because the first judge on remand, very, very clearly understood the mandate and said listen, I want to do the appellate court says we should do, we should have, I want one operative pleading. And then, but at the end, the, the, the judge who ultimately ruled on it was a different judge. So, that I, and she didn't say anything about why didn't counsel file an amended petition. Okay. I think that's dispositive and, but may proceed. Okay, thank you. I mean, originally, the officer thought that green was the shooter trial he thought it could have been either greener Jackson, and there was gun residue found on green, although is inconclusive so there are facts in the record that are consistent with the possibility that the green was the shooter, and it justice McDade said on direct appeal the evidence of who was a shooter was very troubling. Those were were her words. And in the first post conviction appeal, the Nelms evidence that green admitted to the firing of the gun, this court found that was sufficient to have an adventure hearing because it would corroborate Jackson's testimony. And this court rejected the argument that the Nelms evidence couldn't change the outcome. So this court has already determined that the trial record does not rebut the claim of actual innocence, based on green being the shooter and so forth. The same reasons and evidentiary hearing should be held on the Fisher affidavit, which is even stronger evidence, because it is from an eyewitness. Fisher first saw green and Jackson when he was sitting at the intersection before they ran to the empty lot where the shooting occurred. So he saw him at the back of the house, he's at a close distance. Presumably their streetlights at that intersection. And he recognizes green, he knows green. And then he watches Jackson and green run across the street and into the lot. And that is how he was able to, it's possible that he was able to see that it was green who fired the gun, although the lot itself was not dark. The state's primary argument is that the trial record rebuts Fisher's claim. And that's incorrect. And I cited in my brief, but it's good to remember that under Robinson, there's a very high standard as to when new evidence can be found to have been positively rebutted by the trial record. You know, only if no fact finder could ever accept its truth, such as where the new evidence is affirmatively and incontestably demonstrated to be false and impossible. And I just wanted to briefly touch on a couple facts that the state referred to in its argument about the actual innocence claim being positively rebutted. First, the gun residue on Jackson's shirt. Well, the forensic scientists could not state with certainty that the residue resulted from Jackson firing a gun. And very importantly, he also said the residue could have resulted from contact. And Jackson did have contact with Officer Buchanan, who was obviously the officer who fired a gun three times, that he, the officer Buchanan, ended up tackling Jackson and handcuffing him. So that's certainly a possibility to explain the transfer of gunshot residue. And also Buchanan's belief that he saw the gun fire at him doesn't make incontestably false Fisher's observation that he saw the gun fire in other direction. The officer is giving an opinion in which he could have been mistaken. It's nighttime. He probably would have been blinded by the flash of the of the coming from the gun. And he's standing at somewhat of an angle as the other guys are running across towards Nebraska. So he might have seen gun flash, you know, to his side. So and and obviously there are conflicts and Robinson talked about this. A conflict does not make a positive rebuttal. That's why that's the essence of an actual innocence claim. So an evidentiary hearing is needed to assess the credibility of Green, of Fisher and Nelms. And if there are no further questions, I will save my time for rebuttal. You already have five minutes for rebuttal. Okay, if there's something else you'd like to add, feel free. No, I, those are the main points. Thank you, Your Honor. Okay, thank you, Mr. Treehouse. Yes, may I please a court counsel Adam that I home behalf of the people of the state of Illinois. At the outset, the state acknowledges that this is a very complicated procedural history. And when it was remanded by this court in 2019, I feel the problem started was when the prosecutor with before defense before post conviction counsel could file 651 C petition or file an amended petition filed a motion to dismiss right out of the gate. And addressed matters appearing in the and appearing in a successive post conviction petition, even though this court had remanded it back back and you back to the initial post conviction petition. So, I feel that part of post convictions counsel's response within the proceedings below or in direct response to the prosecutors overzealous and premature filing of that motion to dismiss. And on October 30 the court allowed counsel to follow a new 651 C certificate, along with any necessary amendments by the petition by December 31 2020. For reasons unclear within the record, the defendant jumped the gun and filed his own amended petition on December 14 2020 that's 17 days before the trial court deadline to post convictions counsel to file any amendments. So, it is a state's position based on the interpretation of the record that post conviction counsel was put in a very difficult position where you're dealing with an overzealous prosecutor and defendant filing motions when that's not the correct procedure. And as the events unfolded post conviction counsel address them as they came after the defendant filed his amended post conviction petition again for reasons unknown prior to the court's deadline. On March 28 2021 counsel did file a 61 C certificate and at the hearing stated that I will be adopting that amended petition, which opposing counsel on appeal has just conceded that that is what occurred at the hearing. Oh, sorry I thought there was a question. We're still so troubled by the fact that we sent this back for appellate for the public defender to file an amended petition public defender never filed an amended petition. Our mandate was not followed, we went to, they went to hearing or consideration without a properly prepared legally reviewed amended petition and dealing with, you know, giving them permission to use both affidavits, and it didn't happen, and it shouldn't have gone to hear it. Your honor, I'm equally as troubled but I would just like to make regarding how things unfolded. Absolutely. However, I'd like to make two points opposing counsel and its opening brief did not raise the issue that post conviction counsel didn't follow the mandate so it is the state's position that that that issue has been forfeited on appeal. Never gave the state the opportunity to respond, because it was never included in the opening brief. And again, it's the state's interpretation that we have a very zealous defendant who wants to get this petition pushed through the stages and it's the state's interpretation of the record that before the deadline. The court gave post conviction counsel a deadline by December 31st to file this amended petition and defendant on his own accord for unknown reasons, jump the gun. And let's address what was what was missed within that amended post conviction petition. The only thing taken out from all the prior pleadings that defendant had filed was an actual innocence claim by Carl nouns. That's the only claim missing from the amended post conviction petition claim. So, I mean, that's that's critical. Absolutely. Well, it is the state's position that defendant didn't want to pursue this claim for and I will explain as I will explain why. So both defendant and post conviction counsel had the gift of hindsight and this issue, the actual innocence claim on the affidavit by nouns did proceed to a third stage evidentiary hearing post conviction counsel could not locate nouns. Thereafter defendant proceeded pro se and defendant himself could not procure nouns as a witness. That's the first issue that that post conviction counsel knows based on the record and defendant himself knows. Also, I'd like to point to the record that in 2014. And it's in the state's brief, along with a record citation to it and presented by counsel at that time. I believe it was a pro se pleading, but at the initial third states at the initial third stage hearing defendant was represented by post conviction counsel, as I stated previously, and that post conviction counsel couldn't procure nouns. Thereafter, defendant, a very zealous advocate for himself decided to proceed pro se and couldn't get nouns as a witness. Then later on, excuse me, did he get the court's permission to proceed pro se? Yes, yes, he was allowed to proceed pro se and his petition was denied because he could not procure nouns himself as a witness again. And then in 2014, we have we have a pleading by the defendant himself, which states. Carl nouns is no longer available to testify in accordance to that affidavit and pursuant to and here in this case, post conviction counsel filed a 651 C petition certificate certifying that he reviewed the record and this is in the record. And when the defendant himself amended that petition before the deadline expired for his counsel to file one, he included all his he included a claim of ineffective and effective assistance of trial and appellate counsel, which did appear in his initial post conviction petition. And he also included a claim of actual innocence from another affidavit, which which occurred at a letter pleading. It is the state's interpretation of these actions that defendant did not want to pursue with the with the affidavit based on nouns. Given that an attorney himself could not procure him as a witness. And again, the 2014 pleading by the defendant, which told the court this witness is no longer going to testify in accordance with his affidavit. Which is why it is the state's position that the only claim left out within that a minute a minute petition is a claim that the defendant didn't himself did not want to pursue in regards to the second issue. Because I know I may be running out of time. The defendant argues that the trial court heard and dismissing the petition at the second stage, I would like to know that that amended petition did not include any and did not include the affidavit from David Fisher. And on appeal, defendant does not argue that counsel provided unreasonable assistance for not including that attachment. So outright this court, this court must affirm because there is no affidavit attached to that amended petition. And as the case law states, a petition must be dismissed if there are no affidavits to support the claims in which you allege the actual innocence claim. And my last point in here, defendant wasn't harmed by the lack of affidavit because the trial court did consider the claims and did consider them meritless. Although the transcripts from the hearing are not included within the record, the trial court did issue an order, which states very briefly. The court states the state's arguments in the motion to dismiss and at the hearing were well taken in its entirety. So it is the state's position that the trial court nonetheless reviewed the affidavit before dismissing the petition. But since review is de novo, the state is asking to affirm based on the fact that there are no affidavits to that amended petition. And once again, counsel didn't raise that in their opening brief. The amended petition counsel that the remand order be filed is what you're referring to, but was never filed pursuant to the remand. No, no. Yeah. Again, there was an amended petition filed and I know 17 days before the deadline. I understand. Yes. And and post conviction counsel expressly adopted that pleading and opposing counsel does not contest that interpretation. So it is the state's position that post conviction counsel did adopt that amended petition. And barring any further questions, the people of the state of Illinois respectfully request that this honorable court affirm the order dismissing defendants amended post conviction petition. Thank you. Are there any other questions for Mr. Treehough? Ms. River, any rebuttal? Yes, several points. Even if this court finds that the appellant has forfeited the argument that the mandate wasn't followed, that's not binding on this court, it could still address the issue. As far as the Fisher actual innocence claim, counsel really hasn't rebutted my arguments on how there was sufficient basis to proceed to an evidentiary hearing. As far as the Fisher affidavit not being attached to the amended 2020 pro se petition, I've addressed it in the reply brief. The purpose of the affidavit rule is to show the court that there is support for the allegations in the petition. And the affidavit was in the trial court record. I also noted in preparing today that that pro se petition did refer to an exhibit G. So I don't know if the as the affidavit of Fisher, so I don't know if that just got separated and lost in the trial record or if he didn't file it, but he least indicated intent to file that affidavit. As far as the argument that Jackson didn't want to pursue the Nelms evidence, I've addressed that in the reply brief as well. The quote that counsel quotes from the 2014 pro se pleading. I disagree. The court did not allow him to file that. That was just something he filed. But in it, he says the context of the affidavit is still conclusive were corroborated by the record. Again, this isn't my reply brief. So even in this pro se petition, that's not binding because it's not accepted. He's just indicating that they couldn't find Nelms at the time. And in 2014, PC counsel put a lot of effort trying to find Nelms. They had addresses and it wouldn't work out. So just because at that time you couldn't find the person doesn't mean that you might not be able to crack them down once you finally get the evidentiary hearing. You never know for sure where a witness is going to be. That's not a reason to drop a claim. And it's it's very clear. And again, I've cited this in my reply brief. There were several statements about from PC counsel at the hearing on the motion to dismiss, saying it's not just Nelms. It's not just Fisher. It's Nelms together. And whatever confusion there was by the state, it does not take away from the fact that PC counsel asked the court for an evidentiary hearing based on Nelms and Fisher together. And as far as the argument, I'm not quite sure I understand what he means about transcripts missing. There's a transcript of the hearing on the motion to dismiss, and there's no indication in the record that there was an additional hearing at which the trial court. Entered her ruling was a written order that often happens where there's a hearing and the written order is issued later. So there's nothing in here that would indicate that there's some kind of transcript missing. And furthermore, with the Fisher affidavit, the state did not raise that below, and it obviously knew the Fisher affidavit was already in the record, and it made arguments about the Fisher affidavit. So I think the lack of the Fisher affidavit attached to the amended petition is really a red herring. And as Justice Albrecht said, the correct procedures were not followed here. Are there any questions for Ms. River? Okay. Are you finished? Yes, I'm done. I just would hope now that, you know, so I think it's been seven years, seven years after Jackson filed the Fisher affidavit, he's still waiting for an evidentiary hearing that asked the court to reverse the remand, directing counsel to file an amended petition and directing the court to ultimately conduct an evidentiary hearing on the two actual innocence claims. Thank you. Thank you. We thank both of you for your arguments this morning, or this afternoon. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will now stand in recess until two o'clock.